1  JOHN D. DUNCAN (SBN 179560)
   PETER J. SALMON (SBN 174386)
2  THOMAS N. ABBOTT (SBN 245568)
   PITE DUNCAN, LLP
3  4375 Jutland Drive, Suite 200
   P.O. Box 17935
4  San Diego, CA 92177-0935
   Telephone: (858) 750-7600
5  Facsimile: (619) 590-1385
   E-Mail: tabbott@piteduncan.com
6
   Attorneys for Defendants WELLS FARGO BANK, N.A.; and CAL-WESTERN
7  RECONVEYANCE CORPORATION

8                   **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA**

| | |
|---|---|
| 10  CHARLES EDWARD LINCOLN, III, | Case No. SACV08- 1334 DOC (Ex) |
| 11       Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| 12       v. | **MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY** |
| 13  CAL-WESTERN RECONVEYANCE CORPORATION, WELLS FARGO BANK, | **DEFENDANTS WELLS FARGO BANK, N.A.; AND CAL-WESTERN** |
| 14  as successor by merger to WELLS FARGO HOME MORTGAGE, INC., FIRST | **RECONVEYANCE CORPORATION** |
| 15  AMERICAN TITLE CORPORATION, FIRST AMERICAN CORPORATION, | [F.R.C.P. Rules 12(b)(6) and 12(e)] |
| 16  FLORIDA DEFAULT LAW GROUP, P.L. And all JOHN & JANE DOES 1-50, | Date:      June 1, 2009<br>Time:      8:30 a.m. |
| 17       Defendants. | Courtroom: 9D<br>Judge:     Hon. David O. Carter |

18

19       Defendants WELLS FARGO BANK, N.A. ("Wells Fargo"), and CAL-WESTERN

20  RECONVEYANCE CORPORATION ("Cal-Western") (collectively, "Defendants") submit the

21  following Memorandum of Points and Authorities in support of their Motion to Dismiss Plaintiff's

22  First Amended Complaint ("FAC") on the grounds that (1) Plaintiff Charles Edward Lincoln, III

23  ("Plaintiff") lacks standing, and (2) each purported cause of action alleged by Plaintiff fails to state

24  a claim upon which relief may be granted.

25  /./././

26  /././

27  /././

28  /././

**TABLE OF CONTENTS**

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Wells Fargo Loans to Hal Kuder, Jr. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        1.   The California Property *and Loan.* . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        2.   The Florida Property. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        3.   The Idaho Properties and Loans. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.   Plaintiff's Purported Acquisition of Title to the Subject Properties and Assumption of the Subject Loans. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.   Plaintiff Lacks Legal Standing Because He Is Not Entitled to an Adjudication of the Claims Asserted in the FAC. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.   The FAC Fails to State a Claim Upon Which Relief May be Granted. . . . . . . . 5

    D.   The FAC Fails to State a Cause of Action Against Cal-Western Because a Trustee's Duties Are Strictly Limited under California Law. . . . . . . . . . . . . . . . 7

    E.   The Cause of Action for Impairment of the Obligations of Contract Fails to State a Claim Upon Which Relief May Be Granted. . . . . . . . . . . . . . . . . . . . . . 8

    F.   The Cause of Action for Injunction Fails Because Plaintiff Is Unlikely to Prevail on the Merits of His Other Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    G.   The Causes of Action for Quiet Title Fail Because the Subject Loans Are Valid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

V.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

**CASES**

Cornelison v. Kornbluth,
    15 Cal.3d 590, 596-597 (1975) .................................................. 5

Garfinkle v. Superior Court,
    21 Cal.3d 268, 282 (1978) .................................................. 9

Heritage Oaks Partners v. First Am. Title Ins. Co.,
    155 Cal.App.4th 339, 345 (2007) .................................................. 8

I.E. Assoc. v. Safeco Title Ins. Co.,
    39 Cal.3d 281, 285 (1985) .................................................. 8

McVeigh v. Mirabito,
    556 So.2d 1226, 1226 -1227 (Fla. Dist. Ct. App. 1990) .......................... 5

Mhoon v. Singleton,
    503 So.2d 374, 375 (Fla. Dist. Ct. App. 1987) .................................. 5

Snidow v. Hill,
    87 Cal.App.2d 803, 806-807 (1948) .................................................. 5

Vournas v. Fidelity Nat'l Title Ins. Co.,
    73 Cal.App.4th 668, 677 (1999) .................................................. 8


**FEDERAL CASES**

Adams v. George,
    812 P.2d 280, 283-284 (Idaho 1991) .................................................. 5

Alejo v. Mozilo,
    2009 WL 692001, 2 (C.D.Cal.,2009) .................................................. 1, 6

Allen v. Wright,
    468 U.S. 737, 752 (1984) .................................................. 4

American Motorcyclist Ass'n v. Watt,
    714 F.2d 962, 965 (9th Cir.1983) .................................................. 10

Balistreri v. Pacifica Police Dep't,
    901 F.2d 696, 699 (9th Cir.1990) .................................................. 3

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 563 (2007) .................................................. 3

Chang v. Chen,
    80 F.3d 1293, 1296 (9th Cir.1996) .................................................. 3

Elk Grove Unified School Dist. v. Newdow,
    542 US 1, 14 (2004) .................................................. 4

Fiedler v. Clark,
    714 F2d 77, 79–80 (9th Cir. 1983) .......................................... 4

Guerrero v. Gates,
    442 F.3d 697, 703 (9th Cir.2006) .......................................... 3

Hinckley Estate Co. v. Gurry,
    26 P.2d 121, 122 (Idaho 1933) .............................................. 5

Home Building & Loan Assoc. v. Blaisdell,
    290 U.S. 398, 429 (1934) ..................................................... 8

Honeyman v. Hanan,
    302 U.S. 375, 378 (1937) ..................................................... 9

In re Strickland,
    179 B.R. 979, 981 -982 (Bankr.N.D.Ga.,1995) .................. 1, 6

Jackson v. Carey,
    353 F.3d 750, 758 (9th Cir.2003) .......................................... 3

Jiramoree v. HomEq Servicing,
    2009 WL 605817, 1(C.D.Cal.,2009) ................................... 1, 6

Lopez v. Smith,
    203 F.3d 1122, 1127 (9th Cir.2000) ...................................... 3

Lujan v. Defenders of Wildlife,
    504 US 555, 560–561 (1992) ................................................. 4

Nike, Inc. v. McCarthy,
    379 F.3d 576, 580 (9th Cir.2004) ........................................ 10

Nixon v. Individual Head of St. Joseph Mortg. Co.,
    615 F.Supp. 898, 899-900 (C.D. Ind.,1985) .................... 1, 6, 7

Pakpahan v. Aurora Loan Services,
    2009 WL 426396, 3 (C.D.Cal.,2009) .................................. 1, 6

Peterson v. Atlanta Housing Authority,
    998 F.2d 904, 912 (11th Cir. 1993) ....................................... 5

Rene v. Citibank NA,
    32 F.Supp.2d 539, 544-545 (E.D.N.Y.,1999) ..................... 1, 6

Roos v. Belcher,
    321 P.2d 210, 211 ................................................................. 9

Stanley v. Univ. of S. Cal.,
    13 F.3d 1313, 1320 (9th Cir.1994) ........................................ 9

Sturges v. Crowinshield,
    17 U.S. 122, 197 (1819) ........................................................ 8

Thiel v. First Federal Sav. & Loan Ass'n of Marion,
    646 F.Supp. 592, 596 (N.D.Ind.,1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7

Weinberer v. Romero-Barcelo,
    456 U.S. 305, 312 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**STATUTES**

Civil Code §§ 2924 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Federal Rule of Civil Procedure
    12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    65(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

- iv -
MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Wells Fargo funded one refinance loan and two purchase money loans to Hal Kuder, Jr, secured by real property located in California, Idaho, and Florida, respectively. Plaintiff Charles Edward Lincoln, III purports to have acquired title to these properties and the loans obligations of Mr. Kuder with respect to each property. By his FAC, Plaintiff now seeks to avoid repaying the loans by attacking the validity of the notes and deeds of trust evidencing each debt. The sole legal theory asserted by Plaintiff is that although Wells Fargo delivered the loan proceeds to Mr. Kuder, it did not "own" the money, and therefore did not suffer detriment sufficient to constitute an enforceable agreement. As explained in detail below, this legal theory has been roundly rejected by courts for almost 25 years and has been rejected in at least 3 cases in the Central District in 2009.[1]

## II.  STATEMENT OF FACTS

**A.  Wells Fargo Loans to Hal Kuder, Jr.**

Hal Kuder, Jr. ("Kuder") obtained two purchase money loans and one refinance loan from Wells Fargo as explained below.

*1.  The California Property[2] and Loan.*

On or about June 24, 2003, Kuder executed and delivered a note ("California Note") in return for a loan he received in the principal amount of $322,699.00 from Wells Fargo, secured by a deed of trust ("California Deed of Trust") encumbering certain real property located at 4 Via Corbina in Rancho Santa Margarita, California 92688 ("California Property"). (FAC ¶¶ 27-33; RJN, Request for Judicial Notice ("RJN"), Ex. A.) Under the California Deed of Trust, Kuder is the borrower and

/././

---

[1] See, e.g., Nixon v. Individual Head of St. Joseph Mortg. Co., 615 F.Supp. 898, 899-900 (C.D. Ind.,1985); Thiel v. First Federal Sav. & Loan Ass'n of Marion, 646 F.Supp. 592, 596 (N.D.Ind.,1986); Rene v. Citibank NA, 32 F.Supp.2d 539, 544-545 (E.D.N.Y.,1999); In re Strickland, 179 B.R. 979, 981 -982 (Bankr.N.D.Ga.,1995). The Central District of California has roundly rejected this theory in a spate of cases decided in 2009. See, e.g., Alejo v. Mozilo, 2009 WL 692001, 2(C.D.Cal.,2009); Jiramoree v. HomEq Servicing, 2009 WL 605817, 1(C.D.Cal.,2009); Pakpahan v. Aurora Loan Services, 2009 WL 426396, 3 (C.D.Cal.,2009).

[2] The FAC also refers to properties in San Bernardino, purportedly used to secure additional loans from Wells Fargo to Kuder. Analysis of the property records establishes that Wells Fargo did not make loans to Kuder secured by property in San Bernardino. Nonetheless, to the extent Wells Fargo did fund a loan(s) to Kuder secured by property in San Bernardino County, such loans are enforceable for the same reasons the Subject Loans are enforceable as explained in more detail herein.

trustor, and Wells Fargo is the lender and beneficiary. (RJN, Ex. A.) The proceeds from this loan were used by Kuder to payoff a prior loan secured by the California Property. (See RJN, Ex. B.)

### 2. The Florida Property.

On or about February 11, 2005, Kuder executed and delivered a note ("Florida Note") in return for a loan he received in the principal amount of $193,200.00 from Wells Fargo, secured by a mortgage ("Florida Mortgage") encumbering certain real property located at 1632 Espanola Avenue in Holly Hill, Florida 32117 ("Florida Property"). (FAC ¶¶ 93-96; RJN, Ex. C.) Under the Florida Mortgage, Kuder is the borrower and trustor, and Wells Fargo is the lender and mortgagee. (RJN, Ex. C.) The proceeds from this loan were used by Kuder to purchase the Florida Property. (See RJN, Ex. D.)

### 3. The Idaho Properties and Loans.

On or about March 23, 2005, Kuder executed and delivered a note ("Idaho Note") in return for a loan he received in the principal amount of $73,920.00 from Wells Fargo, secured by deeds of trust ("Idaho Deeds of Trust") encumbering certain real property located at 402-404 Andrew Court in Caldwell, Idaho 83605 ("Idaho Properties"). (FAC ¶¶ 68-69; RJN, Ex E-F.) Under the Idaho Deeds of Trust, Kuder is the borrower and trustor, and Wells Fargo is the lender and beneficiary. (RJN, Ex. E-F.) The proceeds from this loan were used by Kuder to purchase the Idaho Properties. (See RJN, Ex. G-H.)

The California Property, Idaho Properties, and Florida Properties are hereinafter referred to as the "Subject Properties". The California Note and Deed of Trust, Idaho Note and Deeds of Trust, Florida Note and Mortgage, and the obligations evidenced thereby are hereinafter referred to as the "Subject Loans".

**B.  Plaintiff's Purported Acquisition of Title to the Subject Properties and Assumption of the Subject Loans.**

Between May and June of 2008, Plaintiff purports to have entered into several contracts with Kuder to acquire title to the Subject Properties and assume Kuder's repayment obligations under the Subject Loans. (FAC ¶ 10, Ex. A.) Plaintiff admits causing the Subject Loans to enter into default by failing to honor the repayment obligations under the Subject Loans. (See FAC ¶ 22 "Hal Kuder

was not in default . . . when he transferred his interests to the Plaintiff".) Plaintiff admits that Wells Fargo delivered funds to Kuder, but asserts that Wells Fargo did not "own the funds," and therefore suffered no detriment. (See FAC ¶ 33.)

Plaintiff asserts that when he acquired Kuder's rights to the Subject Loans, he set out to "verify that the servicing entities were actually 'holders in due course'. (FAC ¶ 10.) Plaintiff does not explain why that inquiry was necessary in light of the fact that Wells Fargo was the named lender and beneficiary under each of the Subject Loans. (See RJN, Ex. A, C, E-F.)

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007); see Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory). Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. Bell Atlantic, 550 U.S. at 561 (abrogating Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir.2006); Balistreri, 901 F.2d at 699. Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. Jackson v. Carey, 353 F.3d 750, 758 (9th Cir.2003) (citing Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.1996)); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.2000).

### IV.    ARGUMENT

**A.    Plaintiff Lacks Legal Standing Because He Is Not Entitled to an Adjudication of the Claims Asserted in the FAC.**

A party's standing is determined by "whether the **particular plaintiff** is entitled to an

adjudication of the **particular claims asserted**." Allen v. Wright, 468 U.S. 737, 752 (1984) (emphasis added). Standing to sue in federal court is governed by federal law. See Fiedler v. Clark, 714 F2d 77, 79–80 (9th Cir. 1983). It is Plaintiff's burden to prove standing by showing: an injury in fact, causation, and redressability. Lujan v. Defenders of Wildlife, 504 US 555, 560–561 (1992). The claim must be for injury to Plaintiff's own legal rights and interests, rather than the legal rights or interests of a third party such as Kuder, who is the borrower and trustor under each of the Subject Loans. Elk Grove Unified School Dist. v. Newdow, 542 US 1, 14 (2004). These requirements are an indispensable part of Plaintiff's case, and therefore, each element must be supported in the same way as any other matter on which Plaintiff bears the burden of proof. Lujan v. Defenders of Wildlife, 504 U.S. at 561.

Plaintiff asserts standing on the grounds that Kuder assigned his rights and obligations under the Subject Loans, and title to the Subject Properties, to Plaintiff. In support of this claim, Plaintiff attaches copies of two types of documents relating to each property: (1) a warranty deed; and (2) a one-page document entitled, "Assignment and Associated Rights in Notes and Obligations". (See Compl., Ex. A.) Each of the documents is dated June 5, 2008. (Id.) Only the warranty deeds conveying title to the Idaho Properties are recorded. (Id.)

The gravamen of the FAC is whether the Subject Loans are enforceable, as each of Plaintiff's alleged causes of action depends entirely on the causes of action for declaratory relief, which assert that no contract exists between Wells Fargo and Kuder. Plaintiff asserts that Wells Fargo did not own the money it delivered to Kuder, and therefore the Subject Loans fail for lack of consideration. Therefore, Plaintiff is not entitled to an adjudication regarding the validity of the Subject Loans unless he establishes that he assumed the obligations thereunder. Allen v. Wright, 468 U.S. 737, 752 (1984).

In California, Idaho, and Florida the covenants in a deed of trust (or mortgage) do not run with the land and are not binding on the successor grantee of the property encumbered by the lien **unless the grantee expressly assumes the debt**. Cornelison v. Kornbluth, 15 Cal.3d 590, 596-597 (1975) (citing Cal. Civ. Code § 1624 and Snidow v. Hill, 87 Cal.App.2d 803, 806-807 (1948)); Hinckley Estate Co. v. Gurry, 26 P.2d 121, 122 (Idaho 1933); Adams v. George, 812 P.2d 280, 283-

1  284 (Idaho 1991) ("[t]here is a critical distiction between one who purchase property and agrees to
2  assume an existing debt and one who merely purchase property 'subject to' an existing
3  encumbrance"); <u>McVeigh v. Mirabito</u>, 556 So.2d 1226, 1226 -1227 (Fla. Dist. Ct. App. 1990);
4  <u>Mhoon v. Singleton</u>, 503 So.2d 374, 375 (Fla. Dist. Ct. App.  1987).  These rules are summarized
5  and adopted by the Restatement.  <u>See</u> Restatement (Third) of Property (Mortgages) § 5.1 cmt. a
6  (2008).

7  The warranty deeds proffered by Plaintiff fail to satisfy the foregoing legal standard
8  governing assumption of the Subject Loans.  (<u>See</u> FAC, Ex. A.)  The one-page documents entitled,
9  "Assignment and Associated Rights in Notes and Obligations," executed in tandem with each
10 warranty deed, contain no language expressly assuming the Subject Loans either.  (<u>Id.</u>)  In his FAC,
11 Plaintiff admits that his assumption of the Subject Loans was contingent at best.  (<u>See</u> FAC ¶ 10.)
12 Plaintiff was neither a party to the original loan transactions, nor an assignee of the Subject Loans
13 from Kuder.  (RJN, Ex. A, C, E-F.)  As such, Plaintiff lacks standing to challenge the validty of the
14 Subject Loans.[3]  Accordingly, this Court should grant the motion to dismiss without leave to amend.

15 **B.    The FAC Fails to State a Claim Upon Which Relief May be Granted.**

16 Plaintiff asserts numerous vague and incomprehensible allegations in his FAC.[4]  To the
17 extent that these allegations give rise to any causes of action, those causes of action rely on one
18 fundamental premise – the Subject Loans are unenforceable because Wells Fargo did not "own the
19 money it delivered to Kuder".  (<u>See</u> FAC ¶¶ 33, 68, 94.)  Plaintiff's legal theory is without merit and
20 has been roundly rejected by courts that have encountered the argument, including the Central
21 District of California.[5]

---

[3] That Plaintiff may have acquired title to the Subject Properties does not confer standing because the quiet title claims set forth in the FAC are premised entirely on the assertion that the Subject Loans are void, and Plaintiff does not raise any other grounds for quiet title.

[4] Although pleading requirements under the Federal Rules of Civil Procedure are generally liberal, a court's duty to liberally construe a plaintiff's complaint when evaluating a motion to dismiss is not the equivalent of a duty to re-draft the complaint.  <u>See</u> <u>Peterson v. Atlanta Housing Authority</u>, 998 F.2d 904, 912 (11th Cir. 1993).

[5] <u>See, e.g.</u>, <u>Nixon v. Individual Head of St. Joseph Mortg. Co.</u>, 615 F.Supp. 898, 899-900 (C.D. Ind.,1985); <u>Thiel v. First Federal Sav. & Loan Ass'n of Marion</u>, 646 F.Supp. 592, 596 (N.D.Ind.,1986); <u>Rene v. Citibank NA</u>, 32 F.Supp.2d 539, 544-545 (E.D.N.Y.,1999); <u>In re Strickland</u>, 179 B.R. 979, 981 -982 (Bankr.N.D.Ga.,1995).  The Central District of
(continued...)

The seminal case is <u>Nixon v. Individual Head of St. Joseph Mortg. Co.</u>, 615 F.Supp. 898, 899-900 (C.D. Ind.,1985). In <u>Nixon</u>, the court explained as follows:

> Reduced to its bare essentials, Nixon's claim against the Mortgage Company is that it failed to have lawful money (in gold and silver coin) in its vault equal to the amount of the loan, so that it did not loan dollars to Nixon (as promised) but mere "credit or checkbook money." The premise behind the amended complaint is that a check written on the Mortgage Company's credit is not lawful tender, as only government-issued currency is legal tender.

<u>Nixon</u>, 615 F.Supp. at 899-890. While the FAC does not use the same language found in the pleadings at issue in <u>Nixon</u>, Plaintiff's basic argument is no different, e.g., the money delivered to Kuder was insufficient to constitute valid consideration to support an enforceable agreement. The <u>Nixon</u> court held that this argument is "absurd for several reasons." (<u>Id.</u> at 890.)

First, the court held that the means by which loan funds are paid to the borrower need not be in any specific form for a valid loan to ensue. (<u>Id.</u>) The court further rejected an argument to invalidate the loan based on the restriction of Article 1, Section 10 of the Constitution, and noted that the type of lawsuit that attacks the enforcement of loan transactions on the grounds that the money funded was somehow defective or did not belong to the lending instutution "smacks of bad faith on the part of the plaintiff". (<u>Id.</u>)

Similar to the borrower at issue in <u>Nixon</u>, Kuder did not object to receiving the loan proceeds from Wells Fargo when he originally took out the loans to purchase the Idaho Properties and Florida Property, and refinance the California Property. (<u>See</u> RJN, Ex. B, D, G-H.) Rather, it is only after Plaintiff purportedly acquired title to the Subject Properties, and Kuder's rights to the Subject Loans that Plaintiff seeks to declare the loans unenforceable and void *ab initio* so as to back out of the contractual promises made by Kuder, and purportedly assumed by Plaintiff, to repay the loan proceeds. (<u>See id.</u> at 901.) In the words of the <u>Nixon</u> court:

> [the borrower] has enjoyed the fruits of what the Mortgage Company's check bought, yet seeks to nullify that check on the basis of an absurd view that bank or mortgage company checks are worthless attempts to create "illegal tender."

(<u>Id.</u>)

---

[5](...continued)
California has roundly rejected this theory in a spate of cases decided in 2009. <u>See, e.g.</u>, <u>Alejo v. Mozilo</u>, 2009 WL 692001, 2(C.D.Cal.,2009); <u>Jiramoree v. HomEq Servicing</u>, 2009 WL 605817, 1(C.D.Cal.,2009); <u>Pakpahan v. Aurora Loan Services</u>, 2009 WL 426396, 3 (C.D.Cal.,2009).

Other courts faced with this argument have rejected it as nonsensical. In <u>Thiel v. First Federal Savings</u>, the court observed:

> Reasoning on the most fundamental level, a level which requires more commen sense than legal acumen, plaintiffs' theory is absurd. A check issued by a mortgagee need not be 'legal tender' for the loan to be valid. [T]he drafts issued by the Savings and Loan in this case accomplished the only conceiveable purpose of the transaction: they allow [the borrower] to buy the properties at issue.

<u>Thiel v. First Federal Savings & Loan Ass'n</u>, 646 F.Supp. 592, 596 (N.D. Ind. 1986). Here, the funds Wells Fargo delivered to Kuder allowed him to purchase the Idaho Properties and the Florida Property, and payoff existing debt secured by the California Property. (<u>See</u> RJN, E. B, D, G-H.) Plaintiff does not offer to return the Subject Properties to their prior owners; rather, he only seeks to avoid repaying the Subject Loans. Viewed another way, Plaintiff is using this Court as a tool to obtain real property in three States free and clear of prior encumbrances.

No law supports Plaintiffs argument that the Subject Loans are unenforceable because the lender "did not own" the money it delivered to its borrower. Moreover, Plaintiff does not – because he cannot – allege that Kuder did not receive the benefit of the Subject Loans. The legal theory Plaintiff advocates in his FAC is nothing more than an attempt to avoid the loan obligations encumbering the Subject Properties. Each cause of action alleged in the FAC depends on this legal theory, and for that reason, each cause of action should be dismissed without further leave to amend.

**D.   The FAC Fails to State a Cause of Action Against Cal-Western Because a Trustee's Duties Are Strictly Limited under California Law.**

Plaintiff's FAC also attempts to allege that Cal-Western is required to do more than provide notice of the trustee's sale. (<u>See</u> FAC ¶¶ 45-50.) This assertion is also without merit and squarely contradicted by California law. In California, the trustee under a deed of trust is not a true trustee, and owes no fiduciary obligations; rather, the trustee is merely a common agent for the trustor and beneficiary under the deed of trust. <u>Heritage Oaks Partners v. First Am. Title Ins. Co.</u>, 155 Cal.App.4th 339, 345 (2007). Accordingly, California courts have refused to impose duties on the trustee other than those imposed by Civil Code §§ 2924 <u>et. seq.</u> or specified under the terms and conditions of the deed of trust. <u>I.E. Assoc. v. Safeco Title Ins. Co.</u>, 39 Cal.3d 281, 285 (1985).

/././

1   Viewed another way, the obligations of trustees in nonjudicial foreclosure proceedings are strictly
2   limited. (Id. at 287-288.)

3   Plaintiff is neither the trustor or the beneficiary. (RJN, Ex. A, C, E-F.) Moreover, Cal-
4   Western's sole role in this matter is as the trustee under the California Deed of Trust. (See FAC ¶
5   45.) Thus, Cal-Western's "only duties are: (1) upon default to undertake the steps necessary to
6   foreclose the deed of trust; or (2) upon satisfaction of the secured debu to reconvey the deed of trust."
7   Heritage Oaks Partners v. First Am. Title Ins. Co., 155 Cal.App.4th 339, 345 (2007) quoting
8   Vournas v. Fidelity Nat'l Title Ins. Co., 73 Cal.App.4th 668, 677 (1999). As the foregoing suggests,
9   Cal-Western is not required to evaluate the fairness of the underlying loan subject to nonjudicial
10  foreclosure. Indeed, even if Cal-Western was under such a duty, it would have been owed to Kuder
11  and Wells Fargo, as the trustor and beneficiary under the California Deed of Trust, respectively, not
12  to Plaintiff. As Plaintiff's FAC does not allege that Cal-Western failed its duties under Heritage Oak
13  Partners or the Civil Code, the FAC fails to state a cause of action against Cal-Western, and any
14  claims dependent on the purported acts or omissions of Cal-Western are similarly without merit.

**E.    The Cause of Action for Impairment of the Obligations of Contract Fails to State a Claim Upon Which Relief May Be Granted.**

17  Plaintiff's seventh cause of action contains a rambling hodgepodge of legal citation to various
18  civil rights statutes and a provision of the United States Constitution, which boils down to two
19  simple legal premises: (1) nonjudicial foreclosure is state action that violates the contracts clause;
20  and (2) the common law may not be superceded by statute. Both assertions lack merit.

21  Article I, Section 10, Clause 1 of the United States Constitution provides in relevant part:
22  "No State shall . . . pass any . . . Law impairing the Obligation of Contracts". The "Obligation of
23  Contracts" is defined as the law that binds the parties to perform their agreement. Sturges v.
24  Crowinshield, 17 U.S. 122, 197 (1819); Home Building & Loan Assoc. v. Blaisdell, 290 U.S. 398,
25  429 (1934). That "law" consists of the terms and conditions contained within the four corners of the
26  document **and** the laws which existed at the time of the contract, which affect its validity,
27  construction, discharge and enforcement. (Id. at 429-430.) Therefore, no issue arises in connection
28  with the contracts clause where a statute was enacted prior to the formation of the contract at issue.

See Honeyman v. Hanan, 302 U.S. 375, 378 (1937). In addition, the nonjudicial foreclosure statutes challenged by Plaintiff do not constitute "state action" because the remedy of nonjudicial forelcosure through a power of sale granted by the borrower in favor of the beneficiary under a deed of trust or mortgage is a remedy created by private contact and is not enforced by the State. Therefore, there is no "state action" and no issue of due process arises. Garfinkle v. Superior Court, 21 Cal.3d 268, 282 (1978) (upholding validity of California Civil Code §§ 2924, et. seq.); Roos v. Belcher, 321 P.2d 210, 211 (Idaho 1958) (upholding validity of I.C. §§ 45-1501, et. seq.). Unlike California and Idaho, Florida requires a judicial action to foreclosure, which inherently provides due process by providing an opportunity for adjudication of rights in court.

Plaintiff also challenges the validity of the statutes in California, Idaho, and Florida on the grounds that they supersede the common law. The common law is the first step in the evolution of law, comprised of court decisions on issues that have not been addressed by the legislature. Statutes are higher authority than common law because statutes arise from the mandate of the democratic process. Plaintiff's attack on the validity of the foreclosure statutes fail because Plaintiff has put the proverbial cart before the horse. The peoples of California, Idaho, and Florida have mandated legislation to regulate how private parties exercise their remedies when a default occurs. There is no legal authority for invalidating these statutes in favor of returning to common law, and therefore the Court should dismiss the seventh cause of action without leave to amend.

**F.    The Cause of Action for Injunction Fails Because Plaintiff Is Unlikely to Prevail on the Merits of His Other Claims.**

Plaintiff's ninth cause of action seeks injunctive relief against foreclosure, on the premise that foreclosure is generally unconscionalbe and predatory. (FAC ¶¶ 100-102.) Equitable relief is warranted only in the event of irreparable injury and the inadequacy of legal remedies. See Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir.1994); see also Weinberer v. Romero-Barcelo, 456 U.S. 305, 312 (1982) ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies."). Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may grant preliminary injunctive relief in order to prevent "immediate and irreparable injury." Fed.R.Civ.P. 65(b).

Plaintiff has the burden of showing that he is entitled to preliminary relief. The "traditional test" requires that Plaintiff demonstrate (1) a strong likelihood of success on the merits; (2) a significant threat of irreparable injury; (3) greater hardship to Plaintiff than Defendants; and (4) that the public interest favors granting the injunction. See American Motorcyclist Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir.1983). The "alternative test" permits the plaintiff to meet his burden by showing either "(1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the plaintiff's] favor." Nike, Inc. v. McCarthy, 379 F.3d 576, 580 (9th Cir.2004).

As explained in detail above, Plaintiff cannot prevail on his claims because the Subject Loans are enforceable. Kuder used the money delivered by Wells Fargo to purchase the Idaho and Florida properties, and refinance existing debt encumbering the California property. The legal theory that the money delivered by Wells Fargo to Kuder is defective has been rejected by courts across the country for the past quarter of a century, and rejected in at least 3 cases in the Central District of California this year. If Plaintiff cannot state a cause of action invalidating the Subject Loans – which he cannot – then Plaintiff's other causes of action fail as a matter of law. For these reasons, the FAC fails to meet the "traditional test" or the "alternative test," and the ninth cause of action fails and should be dismissed without further leave to amend.

**G.     The Causes of Action for Quiet Title Fail Because the Subject Loans Are Valid.**

Plaintiff's third, sixth, and eighth causes of action attempt to allege quiet title to the Subject Properties on the grounds that the Subject Loans are void *ab initio* for lack of consideration. These causes of action depend on the legal theory that Wells Fargo did not "own" the money it delivered to Kuder, and therefore it did not provide sufficient consideration for an enforceable contract. As explained in detail above, courts (including within the Central District of California) have consistently rejected this argument. Moreover, facts subject to judicial notice establish that Kuder used the money he received from Wells Fargo to purchase the Idaho and Florida properties, and refinance the California properties. Therefore, the money Wells Fargo delivered to Kuder was sufficient for Kuder to accomplish his objectives, and therefore the repayment obligations under the Subject Loans are valid and enforceable.

## V. CONCLUSION

Plaintiff lacks standing because he has not unequivocally assumed Kuder's obligations under the Subject Loans. In addition, the FAC fails to state a claim upon which relief may be granted because the legal theory that money delivered by Wells Fargo to Kuder was not sufficient consideration lacks merit. The Subject Loans are valid and enforceable, and therefore the liens encumbering the Subject Properties are valid as well. Finally, the cause of action against Cal-Western fails as a matter of law because foreclosure trustees in California are not traditional trustees and owe no duty to Plaintiff to evaluate the fairness of the underlying loan. Cal-Western complied with its duties under the Civil Code, and therefore Plaintiff's claims against it fails as a matter of law.

Respectfully submitted,

Dated: May 6, 2009          PITE DUNCAN, LLP

By:  */s/ Thomas N. Abbott*
   Thomas N. Abbott
   Attorneys for Defendants
   WELLS FARGO BANK, N.A.; and
   CAL-WESTERN RECONVEYANCE
   CORPORATION